Judge Buckner
delivered the opinion of the Court.
The plaintiffs in error executed their note on the 251 h of September, 1820, to Ohadiah Haber, for $100, on which John and Thómas-Baber, •as his administrators, sued and recovered judgment.
Decree, giving ten per cent, damages, on dissolving injunction, should ascertain their aggregate am’t
To be relieved against the judgment, they filecf their bill in chancery, making said administrators defendants, alleging that Daniel Lowe had married ’the daughter of said Obadiah, and having executed Hie note on which the judgment was recovered, with John Lowe as security, to his said father-in law', as the price of a mare purchased; it was agreed between the latter and said Daniel, that if Daniel would permit his son, then about ten or eleven years of age, to go and live with his grand-father, Obadiah, until the son should arrive at the ago of twenty-one years, or until the death of his said grand-father, if that even should occur previous to his becoming of age, the note aforesaid should be thereby considered as paid and satisfied. They allege that, in pursuance of said agreement, tiie son did go and live wjth said •Obadiah, until his death, which took place between one and two years after the boy went there. In an amended bill, they allege that the intention of the agreement was, that the boy should be placed in the condition of one bound outto serve another, on which terms his grand-father took him. *
The administrators answered, not admitting that such an agreement had been‘made, but saying, that from the best information they had been enabled to procure, they believed, there had been some conversation between the complainant, Daniel, and their intestate, on the subject of making such a contract, which was to have been consummated by reducing it to writing, in the form of an indenture, signed by said, complainant, binding hisson.as an apprentice. That the complainant had refused to do so, and, consequently, an agreement had not been concluded'. They-insist moreover, that the agreement as set forth in the bill, could not be considered as the ground of a good and reasonable satisfaction for the amount secured by the note, and that a court of chancery -could grant no relief, &c.
The court, on a final hearing of the cause, dismissed the bill, and- dissolved the injunction which had been obtained against the judgment at law, awarding by the decree, ten per centum damages, but without specifying the amount.
Hanson, for plaintiffs; 4Han and Simpson, for defendants.
We do not deem it necessary to notice the matters *>f law, in relation to the jurisdiction of the court, which would otherwise have been necessary, because we are satisfied, that upon the proof exhibited, the hill was properly dismissed.
The damages should have been ascertained by the decree; but that point is not embraced in the only error assigned, which was that the court erred in dismissing the bill.
The decree of the circuit court must be affirmed with costs.